

**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Marie Bieber, et al.
_____
Plaintiff

vs.

Case Number    2017 CA 004525 V

Uber Technologies Inc.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Daniel S. Singer
_____
Name of Plaintiff's Attorney

1825 K Street, NW, Suite 1150
_____
Address
Washington, DC 20006

202-887-5000
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date    07/03/2017

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

**Marie Bieber, et al.**

Demandante

contra

**Uber Technologies, Inc.**

Número de Caso: _____

Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

**Daniel Singer**                         *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

**1825 K Street, NW, Suite 1150**        Por: _____
Dirección                                 Subsecretario
**Washington, DC 20006**

**202-887-5000**                 Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      ከስዊች ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés<br>See reverse side for English original

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

| | |
|---|---|
| **Marie Bieber, et al.** | Case Number: __2017 CA 004525 V__ |
| vs | Date: _____ |
| **Uber Technologies, Inc. , et al .** | ☐ One of the defendants is being sued in their official capacity. |

| | |
|---|---|
| Name: *(Please Print)*   **Daniel S. Singer** | Relationship to Lawsuit |
| Firm Name:   **TROMBLY & SINGER, PLLC** | ☑ Attorney for Plaintiff |
| Telephone No.:   Six digit Unified Bar No.:<br>**202-887-5000**              **1011357** | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury      ☑ 6 Person Jury      ☐ 12 Person Jury
Demand: $ __1,000,000.00__                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____      Judge: _____      Calendar #: _____

Case No.: _____      Judge: _____      Calendar#: _____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent      ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent      ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                              ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                    Over $25,000 Pltf. Grants Consent                   Over $25,000 Consent Denied
☐ 13 Employment Discrimination  ☐ 07 Insurance/Subrogation                      ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees              Under $25,000 Pltf. Grants Consent                 Under $25,000 Consent Denied
                                                   ☐ 28 Motion to Confirm Arbitration
                                                          Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile                    ☐ 03 Destruction of Private Property      ☐ 05 Trespass
☐ 02 Conversion                    ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process                     ☐ 10 Invasion of Privacy                         ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection             ☐ 11 Libel and Slander                                   Not Malpractice)
☐ 03 Assault and Battery                  ☐ 12 Malicious Interference                     ☐ 18 Wrongful Death (Not Malpractice)
☑ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution                    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)        ☐ 14 Malpractice Legal                            ☐ 20 Friendly Suit
☐ 06 False Accusation                       ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 21 Asbestos
☐ 07 False Arrest                              ☐ 16 Negligence- (Not Automobile,          ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                                               Not Malpractice)                             ☐ 23 Tobacco
                                                                                                            ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_6/29/17_
Date



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

MARIE BIEBER et al
    Vs.                                C.A. No.    2017 CA 004525 V
UBER TECHNOLOGIES, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge ROBERT R RIGSBY
Date:  July 3, 2017
Initial Conference: 10:00 am, Friday, October 06, 2017
Location:  Courtroom 516
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001               Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

Filed
D.C. Superior Court
08/88/2017 11:85AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **Marie Bieber**<br>1924 33 Ave, SW<br>Center, ND 58530<br><br>and<br><br>**Martina Bieber**<br>410 N. 25 Street, SW<br>Bismarck, ND 58501<br><br>     *Plaintiffs,*<br><br>v.<br><br>**Uber Technologies, Inc.**<br>1455 Market St., 4th Floor<br>San Francisco, CA 94103<br><br>*Serve Registered Agent:*<br>C T Corporation System<br>1015 15th St., NW, Suite 1000<br>Washington, DC 20005<br><br>and<br><br>**Harmanpreet Singh**<br>46031 Earle Wallace Cir.<br>Sterling, VA 20166<br><br>and<br><br>**Micah Kidd**<br>9399 Breamore Ct.<br>Laurel, MD 20723<br><br>     *Defendants.* | 2017 CA 004525 V |

1

## COMPLAINT
### (Personal Injury/Motor Vehicle Negligence)

1.     This Honorable Court has jurisdiction of this case pursuant to District of Columbia Code 11-921, which involves an amount in controversy that exceeds the minimum jurisdictional requirements of this Court.

## PARTIES

2.     Plaintiff Marie Bieber is and has been a resident of the State of North Dakota at all times relevant to this Complaint.

3.     Plaintiff Martina Bieber is and has been a resident of the State of North Dakota at all times relevant to this Complaint.

4.     Defendant Uber Technologies, Inc. ["Uber"] is and has been a California corporation that provided ride-sharing services at all times relevant to this Complaint

5.     Defendant Harmanpreet Singh is and has been a resident of the Commonwealth of Virginia at all times relevant to this Complaint.

6     Defendant Micah Kidd is and has been a resident of the State of Maryland at all times relevant to this Complaint.

## FACTS

7.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully stated herein.

8.     On or about July 17, 2014, Plaintiffs were passengers in Defendant  Harmanpreet Singh's vehicle, after they requested a ride via Defendant Uber's ride-sharing app, and were traveling Northbound on 14th Street, NW, when Mr. Singh attempted to make a left turn at the intersection of 14th Street, NW and Pennsylvania Ave., NW.

2

9.    Mr. Singh was an agent and/or employee of Defendant Uber, acting within the scope of his agency and/or employment with Uber, at all times relevant to this Complaint.

10.   At the date and time referenced above, Defendant Micah Kidd was traveling Southbound on 14th Street, NW, and attempting to proceed straight through the intersection of 14th Street, NW and Pennsylvania Ave., NW, when he collided with Defendant Singh as Mr. Singh was making his left turn.

11.   The aforesaid occurrence was caused by the negligence of Defendants Singh and/or Kidd, in that one or both of them:

      a.    Failed to yield;

      b.    Failed to avoid a collision;

      c.    Failed to keep a proper lookout;

      d.    Failed to observe the presence and proximity of the vehicle driven by the other;

      e.    Failed to carefully and prudently apply his brakes so as to avoid a collision; and

      f.    Failed to operate his motor vehicle at an appropriate speed;

      g.    Was otherwise careless, reckless, and negligent in his actions and/or omissions.

13.   As a result of the negligence of one or more of the Defendants, Plaintiff Martina Bieber sustained serious injuries, which have resulted and will continue to in the future result in medical expenses, physical pain and suffering, mental anguish, lost income, and other damages.

3

14.     As a result of the negligence of one or more of the Defendants, Plaintiff Marie
Bieber sustained serious injuries, which have resulted and will continue to in the future result in
medical expenses, physical pain and suffering, mental anguish, lost income, and other damages.

WHEREFORE, Plaintiff Martina Bieber seeks judgment against the Defendants, jointly
and severally, in the amount of five hundred thousand dollars ($500,000.00) plus interest and
costs; and Plaintiff Marie Bieber seeks judgment against the Defendants in the amount of five
hundred thousand dollars ($500,000.00), jointly and severally, plus interest and costs.

Respectfully Submitted,

/s/Kenneth M. Trombly
Kenneth M. Trombly, #199547

/s/Daniel S. Singer
Daniel S. Singer, #1011357
1825 K Street, NW, Suite 1150
Washington, DC 20006
kmt@tromblylaw.com
dsinger@tromblylaw.com
(202) 887-5000
*Attorneys for Plaintiffs*

**JURY DEMAND**

Plaintiffs seek a trial by jury on all issues.

/s/Daniel S. Singer
Daniel S. Singer

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

---

| | |
|---|---|
| **MARIE BIEBER** | ) |
| | ) |
| **and** | ) |
| | ) |
| **MARTINA BIEBER** | ) |
| | ) **C.A. No. 2017 CA 004525 V** |
| **Plaintiffs,** | ) **Hon. Robert R. Rigsby** |
| | ) **Next Court Date: October 6, 2017** |
| **v** | ) **Event: Initial Conference** |
| | ) |
| **UBER TECHNOLOGIES, INC. et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant Uber Technologies, Inc. ("Uber"), by undersigned counsel, submits the following as its answer and affirmative defenses to the complaint filed by plaintiffs Marie Bieber and Martina Bieber, stating in response the numbered paragraphs within the complaint as follows:

### COMPLAINT
### (Personal Injury/Motor Vehicle Negligence)

1.      Paragraph 1 of the complaint states legal conclusions to which no response is required.

### PARTIES

2.      Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 2 of the complaint.

3.      Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph  3 of the complaint.

741473v.1

4.      Uber denies the allegations in paragraph 4 of the complaint.

5.      Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 5 of the complaint.

6.      Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 6 of the complaint.

<u>FACTS</u>

7.      Uber hereby incorporates by reference its responses to the preceding paragraphs of the complaint as if set forth in full herein.

8.      Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 8 of the complaint.

9.      Uber denies the allegations in paragraph 9 of the complaint.

10.     Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 10 of the complaint.

11.     Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the complaint, including sub-parts a.-g. and specifically denies that Uber is liable to plaintiffs as a result of the alleged negligence of other defendants Singh and/or Kidd.

12.     Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 12 of the complaint.

13.     Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 13 of the complaint and specifically denies that Uber is liable to plaintiff as a result of the alleged negligence of other defendants Singh and/or Kidd.

741473v.1

14.     Uber lacks sufficient information or knowledge to admit or deny the allegations in paragraph 14 of the complaint and specifically denies that Uber is liable to plaintiff as a result of the alleged negligence of other defendants Singh and/or Kidd.

To the extent the plaintiffs' *ad damnum* contains factual allegations, all such allegations are hereby denied.

Any allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

Uber intends to rely upon the following defenses:

1.     Plaintiffs' complaint fails to state a claim upon which relief may be granted against Uber because they fail to plead facts which, if taken as true, would support the allegation in paragraph 9 of the complaint that defendant Singh was an agent or employee of Uber or that he was acting within the scope of his agency or employment at the time of the alleged motor vehicle accident. Indeed, defendant Singh was not an employee or agent of Uber but was, rather, an independent contractor. As such, there is no factual foundation to support that Uber is vicariously liable for the alleged acts or omissions of defendant Singh.

2.     Plaintiffs' claims may be barred in whole or in part as a result of their failure to mitigate damages.

3.     This Court may lack subject matter jurisdiction as a result of the plaintiffs' agreement to arbitrate as evidenced by their acceptance of Uber's User "Terms and Conditions," indicated by their use of the Uber App as alleged in paragraph 8 of the complaint. Uber's User "Terms and Conditions" contain a mandatory arbitration clause.

4.     Uber did not owe plaintiffs a duty as a matter of law.

741473v.1

5.      No acts or omissions by Uber caused or proximately caused the damages alleged by plaintiffs.

6.      Uber reserves the right to amend its affirmative defenses based on the facts as they may be developed during the course of discovery and any time up to and including during trial hereon.

WHEREFORE, the complaint having been fully answered and defendant, Uber Technologies, Inc. respectfully requests an order of this Court dismissing the complaint against it with prejudice and for an award of its fees and costs incurred herein.

Dated: August 28, 2017                          Respectfully Submitted,

                                                **UBER TECHNOLOGIES, INC.**
                                                By counsel,

                                                WILSON ELSER MOSKOWITZ EDELMAN &
                                                DICKER, LLP

                                                 */s/ Eric P. Burns*
                                                Kathryn A. Grace (#502857)
                                                Eric P. Burns (# 1015999)
                                                Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
                                                8444 Westpark Dr., Ste. 510
                                                McLean, Virginia 22102
                                                (703) 245-9300
                                                (703) 245-9301 (Fax)
                                                kathryn.grace@wilsonelser.com
                                                eric.burns@wilsonelser.com

741473v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the forgoing was served via CaseFileExpress, which will cause a copy to be served on all counsel of record, including:

Kenneth M. Trombly, Esquire
Daniel S. Singer, Esquire
1825 K Street, NW, Suite 1150
Washington, DC 20006
*Counsel for Plaintiffs*

I HEREBY FURTHER CERTIFY that a true and accurate copy of the forgoing was served via U.S. mail, postage pre-paid, on this 28th day of August 2017, to:

Harmanpreet Singh
46031 Earle Wallace Cir.
Sterling, Virginia 20166

Micah Kidd
9399 Breamore Ct.
Laurel, Maryland 20723

*/s/ Eric P. Burns*
Kathryn A. Grace (#502857)
Eric P. Burns (# 1015999)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
8444 Westpark Dr., Ste. 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (Fax)
kathryn.grace@wilsonelser.com
eric.burns@wilsonelser.com

5

741473v.1